IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCUS D. PUGH, an individual, )
)
       Plaintiff, )
)
v. ) Case No. CIV-15-1070-D
)
THE CITY OF OKLAHOMA CITY, )
a municipal corporation, )
)
       Defendant. )

**O R D E R**

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 4]. Defendant, the City of Oklahoma City, seeks dismissal of Plaintiff's request for punitive damages, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition to the Motion, which is fully briefed.

**Introduction**

This case arises from Plaintiff's employment with Defendant City, where he alleges he was subjected to fundamentally different treatment regarding advancement based solely on his race (African American). Plaintiff's Petition [Doc. No. 1-2] (hereafter, "Complaint") contains allegations of discriminatory hiring practices in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Oklahoma Anti-Discrimination Act, Okla. Stat. Tit. 25, § 1101 *et seq*. ("OADA"). Plaintiff seeks various remedies and damages, including punitive damages. *See* Compl. [Doc. No. 1-2] at 6-9.

Defendant contends the facts, even when viewed favorably to Plaintiff, fail to establish a claim for punitive damages as "punitive damages are not available against a governmental defendant under either [Title VII or OADA]." *See* Def.'s Motion [Doc. No. 4] at 1. Defendant also contends that requested liquidated damages, if awarded, could be such an amount as to be punitive and, thus, should not be available against it. *See id.* A Rule 12(b)(6) motion tests the sufficiency of a claim and not the prayer for relief. "'[T]he prayer for relief is no part of the cause of action . . . .'" *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 & n.5 (10th Cir. 1955)). Thus, Defendant's Motion is more properly viewed as a motion to strike under Rule 12(f), which authorizes a district court to strike immaterial matter from a pleading.

## Background

Plaintiff has continuously worked for Defendant in the Public Works Department for twenty-six years. Hired in March 1989, Plaintiff began his employment as an Electronic Tech I for Traffic Operations. Plaintiff currently holds the title of Electronic Tech III, and has previously acted as Interim Unit Operations Supervisor for a period of approximately 5 months.

On or about October 6, 2014, Defendant posted a vacancy for a Unit Operations Supervisor position for which Plaintiff applied. As part of the application process, Plaintiff took tests and answered questions provided to him by management. Another applicant was hired for the position, and Plaintiff filed a grievance with the personnel department. An

investigation ensued, and fraudulent information was discovered in the selected applicant's paperwork. The selected applicant was terminated. Defendant re-posted the vacancy, and Plaintiff re-applied. A third candidate was selected for the position. Plaintiff subsequently filed suit in state court. Defendant timely removed the action to this Court on September 29, 2015.

**Standard of Decision**

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A. H. Robins Co.*, 687 F.2d 880, 885 (9th Cir. 1983).[1] Rule 12(f) motions "should be denied unless the challenged allegations have no . . . logical connection to the subject matter of the controversy...." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. Ed. 2004) (footnotes omitted). In this case, the Court finds that the primary allegation at issue presents a matter that may properly be stricken under Rule 12(f).

**Discussion**

**A.    Punitive Damages**

The law is well established, and this Court has previously held, that awards of punitive damages against political subdivisions are against public policy. *See Livshee v. City of Woodward*, No. 12-CV-1411-D, 2013 WL 5942277, at *3 (W.D. OK, Nov. 6, 2013) (citing

---

[1] Rule 12(f) allows the Court to act on a "motion made by a party . . . before responding to the pleading," in furtherance of the rule's function of saving time and money. *See* Fed. R. Civ. Pro. 12(f)(2). In the present case, and in accordance with Rule 12(f), Defendant filed its Motion [Doc. No. 4] prior to filing its Answer [Doc. No. 5].

*Nixon v. Oklahoma City*, 555 P.2d 1283, 1284 (Okla. 1976)). Specifically, "a government, government agency or political subdivision" is expressly exempt from any punitive damages under Title VII. *See* 42 U.S.C. § 1981a(b)(1). In response to Defendant's Motion, Plaintiff does not disagree with these principles and, in fact, concedes that punitive damages are not "available to [him] against Defendant or any other public entity, state or political subdivision, under Title VII." *See* Pl.'s Resp. [Doc. No. 6] at 1. Punitive damages are likewise unavailable under state law because of Defendant's status as a political subdivision. *See Nixon*, 555 P.2d at 1284. Therefore, Plaintiff's Complaint incorrectly seeks punitive damages, and this request should be stricken.

**B.    Liquidated Damages**

Defendant correctly asserts that Title VII does not authorize liquidated damages. *See* Def.'s Motion [Doc. No. 4] at 6. However, Defendant incorrectly equates liquidated damages with punitive damages, and in doing so, contends that such damages are also not available under the OADA. *Id.* To the contrary, § 1350(G) of the OADA expressly authorizes liquidated damages. 25 O.S. § 1350(G). Although Justice Colbert's concurring opinion in *MacDonald v. Corp. Integris Health*, 2014 OK 10, 321 P.3d 980[2], recognizes the possible use of liquidated damages "as a punitive measure to deter violations," a direct comparison of the two forms of damages would be imprudent and inconsistent with their

---

[2] Both parties contend that Justice Colbert's concurrence supports their respective positions. *See* Compl. [Doc. No. 1-2] at 6, Def.'s Motion [Doc. No. 4] at 5 (which incorrectly lists the case citation as "323 P.3d 980"), and Pl.'s Resp. [Doc. No. 6] at 4 (which, likewise, incorrectly lists the case citation as "323 P.3d 980").

stated purposes. *Id.* at 985. Punitive damages are awarded *in addition to* actual damages. *See Damages*, BLACK'S LAW DICTIONARY (9th ed. 2009). Liquidated damages are an estimation of, and awarded *in lieu of*, actual damages. *See id.* Although liquidated damages could be awarded in such an amount as to serve a punitive function, such is not their fundamental purpose. Additionally, the Supreme Court held in *Cook Cty. v. United States ex rel. Chandler*, 538 U.S. 119 (2003), that even though a liquidated damages provision had both "compensatory [and punitive] traits," such damages could still be recovered against a local government. *Id.* at 130. Accordingly, the Court finds that Plaintiff's Complaint properly requests liquidated damages under the OADA.

**Conclusion**

For these reasons, the Court finds that Plaintiff's Complaint properly seeks liquidated damages under the OADA, but improperly requests punitive damages.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 4] is DENIED, but Plaintiff's prayer for punitive damages is stricken.

IT IS SO ORDERED this 11th day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE